**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAROLYN BULLOCK,               )
                               )
        Plaintiff,             )
                               )
    v.                         )        Civil Action No. 1:25-cv-03820 (TSC)
                               )
                               )
PHH MORTGAGE SERVICES,         )
                               )
        Defendant.             )

**<u>MEMORANDUM OPINION</u>**

Plaintiff Carloyn Bullock, proceeding *pro se* and *in forma pauperis* ("IFP"), "brings this action solely in her authorized representative capacity as Trustee of the Bullock-Browner El Family Living Trust[,]" and "not in her individual capacity." Amended Complaint ("Am. Compl."), ECF No. 6, at 1. She sues PHH Mortgage Corporation ("PHH") and Deutsche Bank National Trust Company ("Deutsche Bank"), *id*, raising claims related to the estate of Jerone M. Browner-El, *see generally id.*—the subject of active probate proceedings in Superior Court of the District of Columbia, *see In re Jerone Browner-El*, No. 2024-ADM-001102 (D.C. Super. Ct. filed 9/4/2024),[1] in which PHH and Deutsche Bank are listed as applicants, trustees, and creditors.

Here, Plaintiff alleges that Defendants have breached their fiduciary duties and engaged in "deceptive practices" and "unauthorized servicing" related to "real property and related instruments" owned by the trust. *See* Am. Compl. at 2–3. More specifically, PHH has allegedly "asserted servicing authority, issued billing statements, payoff demands, and determinations, and

---

[1]    A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

exercised control over" a servicing account that encumbers the property "without producing competent evidence of lawful servicing authority and despite notice that the property and related interests are trust owned." *See id.* at 2. And Deutsche Bank allegedly "claims status as a trustee and/or beneficiary entitled to enforce" the note and deed of trust associated with the property "yet has failed to establish a valid chain of title, transfer, or trust res sufficient to confer enforcement authority." *See id.* Plaintiff demands that this court (1) "declare the rights and obligations of the parties;" (2) "declare that the Defendants lack authority to service or enforce absent proof of lawful standing;" (3) "order Defendants to produce settlement, wire transfer, and chain of title documentation;" and (4) "enjoin enforcement and collection activity pending full proof of authority[.]" *See id.* at 4.

First, Plaintiff is not entitled to bring this suit on behalf of a trust without counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally* or by counsel[.]") (emphasis added); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *aff'd*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) (per curiam), *cert. denied*, 543 U.S. 820 (2004). Indeed, this principle holds true even if Plaintiff is formally authorized as a trustee. *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No. 19-cv-1121, 2020 WL 109056, at *4 (D.D.C. Jan. 9, 2020) ("[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust"); *Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889, at *2 (D.D.C. May 4, 2015) (a "plaintiff, who is proceeding *pro se*, cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney.") (citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003); *Knoefler v. United*

*Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994)); *see also Estate of Keatinge v. Biddle*, 316

F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear *pro se*

on behalf of the grantor.").

Second, a federal district court generally may not review judicial decisions made by

District of Columbia local courts, nor may it interfere in their ongoing proceedings.  *See*

*Richardson v. Dist. of Columbia Ct. of Apps.*, 83 F.3d 1513, 1514 (D.C. Cir. 1996); *Melton v.*

*Dist. of Columbia*, 46 F. Supp. 3d 22, 25–26 (D.D.C. 2014) (relying on *Younger v. Harris*, 401

U.S. 37, 41 (1971)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v.*

*Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172

(D.D.C. 1994) (citing *Dist. of Columbia Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983);

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94–5079, 1994 WL

474995 (D.C. Cir. Jul. 27, 1994) (per curiam), *cert. denied*, 513 U.S. 1150 (1995).

Indeed, pursuant to the "probate exception" to diversity jurisdiction, federal courts cannot

exercise subject matter jurisdiction over trust, estate, and probate actions, as such matters

normally subsist in the purview of state and local courts, *see Marshall v. Marshall*, 547 U.S. 293,

494 (2006), with very limited deviations from that prohibition, *see Lewis v. Parker*, 67 F. Supp.

3d 189, 194 n.2 (D.D.C. 2014) (quoting *Marshall*, 547 U.S. at 311).  Put differently, the probate

exception applies when, *inter alia*, "one court is exercising *in rem* jurisdiction over a *res*, [and] a

second court will not assume *in rem* jurisdiction over the same *res*." *Marshall*, 547 U.S. at 311;

*see Mercer v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 677, 678–79 (2d Cir. 2015) ("This

general principle applies equally when, as in this case, the *res* in question is not property of an

estate but property of a trust."); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S.

456, 466–67 (1939) (holding that the probate exception also applies to jurisdiction that is quasi *in*

*rem* because it "is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.").

When analyzing the applicability of the probate exception, the court "must examine the substance of the relief that Plaintiffs are seeking, and not the labels that they have used." *Mercer*, 609 F. App'x at 679–80.  Here, Plaintiff's claims are barred by the probate exception because, despite raising "tort claims," she does not actually seek, for example, *in personam* damages against the named Defendants; instead she asks this court to exercise *in rem* jurisdiction over the same *res*, i.e., to review and manage assets owned by the Browner-El trust.  *See, e.g., Lefkowitz v. Bank of New York*, 528 F.3d 102, 107–08 (2nd Cir. 2007).  But this court lacks jurisdiction to, as requested, enjoin disposition of trust assets or to divest defendants of control over a trust's property, particularly property that is under the active administration of the D.C. Superior Court. *See Kennedy-Jarvis v. Wells*, 113 F. Supp. 3d 144, 154 (D.D.C. 2015) (citing *Wisecarver v. Moore*, 489 F.3d 747, 751 (6th Cir. 2007)); *see also Markham v. Allen*, 326 U.S. 490, 494 (1946) (Under the probate exception, a federal court may not exercise jurisdiction in a manner that "disturb[s] or affect[s] the possession of property in the custody of a state court[.]"); *Lefkowitz*, 528 F.3d at 107 ("Plaintiff seeks to mask in claims for federal relief her complaints about the maladministration of her parent's estates, which have been proceeding in probate courts. . . . To provide the relief Plaintiff . . . the federal court would have to assert control over property that remains under the control of the state courts[,]" but a federal court may not "take over the administration of estate assets pending in probate courts.") (citing *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006); *Marshall*, 547 U.S. at 311); *Brooks v. Atwood*, 710 F. App'x 313, 313

(9th Cir. 2018) ("The district court properly dismissed for lack of subject matter jurisdiction Brooks' claims seeking injunctive or declaratory relief because under the probate exception federal courts lack subject matter jurisdiction over pending state court probate matters."); *In re Dispute Over Distribution of Assets of Estate of Ash*, No. 15-8644, 2018 WL 2269241, at *4 (S.D.N.Y. May 17, 2018) (finding that the court did "not have jurisdiction to grant declaratory or injunctive relief relating to administration of the Estate . . . or [to] enjoin the disposition of Estate assets[.]"), *appeal dismissed*, No. 18-1724, 2018 WL 6437439 (2nd Cir. Oct. 19, 2018).  To grant Plaintiff's requested relief, the court would need to make determinations that would impact the administration of the trust and its assets.  These are the very decisions that should be made, not by a federal court sitting in diversity, but by the local probate court with active jurisdiction over the trust. Accordingly, Plaintiff's claims fall within the probate exception and must be dismissed.

Notably, Plaintiff has already been made aware of this jurisdictional prohibition, because she previously attempted to file a substantially similar lawsuit in this district, *see Bullock v. PHH Mortgage Company, Inc.*, No. 25-cv-02500 (UNA) (D.D.C. filed Aug. 1, 2025), which was dismissed on October 23, 2025, for lack of subject matter jurisdiction on that very basis, *see id*. at Memorandum, ECF No. 3; Dismissal Order, ECF No. 4.  To that same end, Plaintiff is advised that, as here, duplicative lawsuits filed by a plaintiff proceeding IFP are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e).  *See Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (per curiam); *Sturdza v. United Arab Emirates*, No. 09-0699, 2009 WL 1033269, at *1 n.2 (D.D.C. April 16, 2009) (citing *Risley*, 918 F. Supp. at 22; *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir.

1993)).  And a court cannot exercise subject matter jurisdiction over a frivolous complaint.  *See*

*Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974).

 For all of these reasons, this matter is dismissed without prejudice.  *See* Fed. R. Civ. P.

12(h)(3).  PHH Mortgage Services' Motion to Dismiss, ECF No. 5, which was filed in response

to the original Complaint, ECF No. 1, is denied as moot. A separate Order accompanies this

Memorandum Opinion.


Date: July 14, 2026


     *Tanya S. Chutkan*
     TANYA S. CHUTKAN
     United States District Judge